ALLIANCE FOR THE WILD
ROCKIES, Plaintiff,

v.

Paul BRADFORD, Jane Cottrell, the
United States Forest Service, and the
United States Fish & Wildlife Service,
Defendants.

No. CV 09–160–M–DWM.

United States District Court,
D. Montana,
Missoula Division.

Oct. 31, 2013.

Rebecca Kay Smith, Timothy M. Bechtold, Bechtold Law Firm, Missoula, MT, for Plaintiff.

Andrew A. Smith, U.S. Department of Justice, Albuquerque, NM, John P. Tustin, U.S. Department of Justice, Washington,

DC, Mark Steger Smith, Office of the U.S. Attorney, Billings, MT, for Defendants.

## ORDER

DONALD W. MOLLOY, District Judge.

In this action Plaintiff Alliance for the Wild Rockies alleged that the United States Forest Service violated the Endangered Species Act (ESA), the National Forest Management Act (NFMA), and the National Environmental Policy Act (NEPA) when the agency approved the Grizzly Vegetation and Transportation Management Project (Grizzly Project) on the Kootenai National Forest. (Doc. 1.) On the parties' cross-motions for summary judgment, this Court found the Forest Service violated the NEPA and the NFMA in its decision to authorize the Grizzly Project. *See Alliance for the Wild Rockies v. Bradford,* 720 F.Supp.2d 1193 (D.Mont.2010). Regarding Plaintiff's ESA claims, the Court found that the agency determination that the Grizzly Project was not likely to adversely affect the grizzly bear was due deference as it rested on careful and cogent investigation and reasoned conclusions. *Id.* at 1213. The Grizzly Project was enjoined and the matter was remanded to the Forest Service to address the identified NEPA and NFMA deficiencies. *Id.* at 1222. After extensive analysis on remand, including Draft and Final Supplemental Environmental Impact Statements, the Forest Service moved to dissolve the injunction. (Doc. 83.) The Court granted the motion and the Grizzly Project was allowed to proceed. (Doc. 94.) Plaintiff immediately appealed. (Doc. 95.)

■ Contemporaneous to the notice of appeal, Plaintiff moved the Ninth Circuit Court of Appeals for an emergency injunction to prevent implementation of the Grizzly Project pending resolution of the appeal. App.'s Emerg. Mot. for Inj., *Alliance for the Wild Rockies v. Bradford* (9th Cir. Aug. 22, 2013) (No. 13–35768). Plaintiff did not first seek a stay from this Court, despite the requirement that it do so pursuant to Federal Rule of Appellate Procedure 8(a)(1). Nor did Plaintiff declare to the Court of Appeals that it would be impracticable to seek a stay in this Court, pursuant to Federal Rule of Appellate Procedure 8(a)(2)(A)(i). The Ninth Circuit denied Plaintiff's Motion. Or. Denying App.'s Emerg. Mot. for Inj., *Alliance for the Wild Rockies v. Bradford* (9th Cir. Sept. 4, 2013) (No. 13–35768). Plaintiff then re-filed its motion with the Court of Appeals and with this Court. (*See* Doc. 97.) The Ninth Circuit granted a temporary injunction on October 21, 2013. Or. Granting App.'s Emerg. Mot. for Inj., *Alliance for the Wild Rockies v. Bradford* (9th Cir. Oct. 21, 2013) (No. 13–35768).

■ To secure an injunction pending appeal, a plaintiff must establish: (1) "that [it] is likely to succeed on the merits," (2) "that [it] is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of the equities tips in [its] favor," and (4) "that an injunction is in the public interest." *See Winter v. Nat. Resources Def. Council,* 555 U.S. 7, 20–24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). The likelihood of success on the merits is measured on a sliding scale, such that if a plaintiff raises "serious questions going to the merits," and can demonstrate "a balance of hardships that tips sharply towards the plaintiff," the plaintiff secures preliminary injunctive relief "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir.2011).

Injunctive relief *pendente lite* is not warranted in this case. The Court lifted its injunction on the Grizzly Project on Au-

gust 20, 2013. Plaintiff has not demonstrated that irreparable injury is likely attendant to the implementation of the Grizzly Project. Plaintiff claims project activities "will disturb, displace, and otherwise harm" the Cabinet–Yaak grizzly population. (Doc. 98 at 10.) The Forest Service has cured the deficiencies under the NEPA and the NFMA which gave rise to the injunction entered following this Court's Order on the parties' Motions for Summary Judgment. That Order affirmed the Forest Service's determination under the ESA that the Grizzly Project is not likely to adversely affect the grizzly bear, *see Alliance for the Wild Rockies v. Bradford*, 720 F.Supp.2d 1193, 1213 (D.Mont.2010), much less result in irreparable harm to the species.

Plaintiff's argument is predicated on a *non sequitir.* Plaintiff argues that Defendants' finding that the Grizzly Project may temporarily disturb or displace grizzly bears from grizzly bear habitat means the project will likely result in irreparable harm to the species. (Doc. 98 at 10–11.) The conclusion Plaintiff draws does not follow from the premise it relies on. As the Forest Service has explained and Plaintiff does not contest, temporary disturbance and displacement due to project activities will not result in complete exclusion of the bear from its habitat. (Doc. 99 at 24.) Furthermore, elements of the project will mitigate and compensate for temporary disturbance and displacement. (*Id.*) Such evidence of a temporary impact does not equate to evidence of irreparable harm.

Plaintiff claims that *status quo* standards directing management of the Cabinet–Yaak grizzly population fail. (*See* Doc. 98 at 3.) Following the supplemental analysis completed by the Forest Service, the Grizzly Project is in compliance with the directives of the NEPA and the

NFMA. The Forest Service has duly explained how the Grizzly Project is consistent with the Forest Plan, has addressed the limitations of its analytical support, and justified its decision to analyze the cumulative effects of the project at the Bear Management Unit level. Plaintiffs' objections to these findings, reasserted in the Motion at bar, (*see* Doc. 98 at 18–27), have been considered and rejected by prior Order of the Court, (*see* Docs. 44, 94). Defendants have concluded, on well-reasoned grounds, that the Grizzly Project will improve on the *status quo,* ameliorating bear habitat to facilitate the grizzly bear's recovery.

The agencies have come to the reasoned conclusion that this project will improve forest and habitat conditions. After further investigation and explanation on remand, it is evident that the agencies reached this conclusion based on sound science. The agencies concluded that the project may affect but is not likely to adversely affect the grizzly bear. (*See* Doc 98–5 at 14.) They based this finding on the determination that the project would increase core habitat for the bear on one Bear Management Unit and bring others up to standards for core habitat, habitat effectiveness, and road density. (*Id.* at 13–14.) No project activity would take place during spring grizzly bear season. (*Id.* at 13.) The agency found, based on sound explanation, that "[c]umulatively, risk-of-mortality would not change appreciably due to implementing this project." (*Id.* at 12.) Plaintiff has presented no evidence that a detrimental impact is possible, much less likely, as a result of project implementation. In fact, given the evidence, studies, and analysis marshalled by the agencies, it could be postulated that enjoining the project is more likely to irreparably harm the grizzly bear than allowing the project to proceed. Contrary to Plaintiff's assertion, and given the defi-

ciencies of the *status quo* identified by both parties, inaction will, over time, likely result in more dire consequences for the grizzly bear than implementation of the project.

█ Plaintiff has not met their burden to show a likelihood of irreparable injury. Given the public interest in halting the trend toward species extinction, *see* 16 U.S.C. § 1531; *Tenn. Valley Auth. v. Hill,* 437 U.S. 153, 184, 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978), failure to take action to improve habitat conditions for the Cabinet–Yaak grizzly bear is contrary to the public interest as well, as failure to act may result in the same dire consequences forecast for the species by the Plaintiff. Plaintiff has presented objections to the agency's justification for the grizzly project. Those objections have been addressed and project implementation is now appropriate.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Injunction Pending Appeal is DENIED.